JUSTICE BAKER,
CONCURRING.
¶36 I have joined the Court’s opinion and write only to share my doubts that the relief sought by the Plaintiffs could have been granted in any event. The Plaintiffs’ complaint asked the District Court to declare “that the Commission’s reassignment on February 12,2013, of Senator Ripley to SD-10 and Senator Hamlett to SD-15 in accordance with the Llew Jones Motion was unlawful.” The State did not raise an argument about the propriety of the relief sought and neither party discussed the court’s authority to strike a single amendment from the Commission’s final plan.
¶37 Article V, Section 14 of the Montana Constitution vests the Commission with the power to redistxict and reapportion the state into legislative districts. Following the filing of the Commission’s final plan with the Secretary of State, the plan becomes law and the Commission is dissolved. Mont. Const, art. V, § 14(3). The Plaintiffs have cited no authority for the proposition that this Court could strike a single amendment made by the Commission in the development of a comprehensive redistricting plan that has become law and the whole of which is not alleged to violate the constitution.
¶38 “[Legislative reapportionment is primarily a matter for legislative consideration and determination....” Reynolds v. Sims, 377 U.S. 533, 586, 84 S. Ct. 1362, 1394, 12 L. Ed. 2d 506 (1964). Without the issue having been raised or briefed by the parties, there is no basis for the Court to address it; but today’s opinion should not be taken as a determination that a party may seek relief from one amendment made during the Commission’s process of adopting a final redistricting plan.
JUSTICE McKINNON,
concurring.
¶39 I concur in the Court’s Opinion. I believe, however, that the Court’s citation to and discussion of Boulder Monitor v. Jefferson High School District No. 1, 2014 MT 5, 373 Mont. 212, 316 P.3d 848, are unnecessary. In my view, Boulder Monitor is factually distinguishable from our resolution of the present case. Moreover, I continue to disagree with the Court’s analysis and conclusions in Boulder Monitor for the reasons stated in my dissent in that case. See Boulder Monitor, ¶¶ 24-39 (McKinnon, J., dissenting). Thus, aside from the citations to Boulder Monitor, I otherwise agree with the Court’s decision.